UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KHIRY ROUSER,

          Plaintiff,              Case No. 1:19-cv-473

v.                                         Honorable Paul L. Maloney

KANDI M. MASON et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Blanchard, Monroe, and Lamb. The Court will order service of the complaint on Defendant Mason.

**Discussion**

I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues ECF Nurses Kandi M. Mason, Lori L. Blanchard, (unknown) Monroe, and Patricia Lamb.

Plaintiff alleges that, on January 19, 2019, he got into a fight with another prisoner, which led to both prisoners being sprayed with a chemical agent. Both inmates were then escorted to 4-Block, where they asked to be seen by a healthcare worker. Plaintiff told the correctional officer on duty that he was experiencing burning in his eyes and that his vision was blurry.

Defendant Nurse Mason first evaluated the other prisoner. Plaintiff claims that the other prisoner told Defendant Mason that Plaintiff had assaulted him. When Mason approached Plaintiff's cell, Plaintiff complained that his eye was burning terribly and that his vision was blurry. Defendant Mason responded, "Aww that[']s to[o] bad. Why did you assault him?" (Compl., ECF No. 1, PageID.5.) Plaintiff replied, "Why would you ask me that?" (*Id.*) In response, Defendant Mason stated, "Oh you don[']t want healthcare O.K." (*Id.*) She then walked away without treating him, leaving him to suffer continuing symptoms. Later that day, when conducting her medication rounds, Mason came to Plaintiff's cell. She stated, "Do you have meds? I don[']t give a f*ck." (*Id.*) Mason again walked away from Plaintiff's cell without treating him or giving him medications.

Plaintiff alleges that his eye continued to burn and his vision remained blurry. On January 21, 2019, he submitted a healthcare kite, describing his eye problems. He also filed a

2

grievance against Defendant Mason. In response to his healthcare kite, Plaintiff was scheduled to be evaluated by a nurse on January 25, 2019.

Ostensibly in retaliation for Plaintiff having filed a grievance against her a few days earlier, Defendant Mason approached Plaintiff's cell and said, "I am not referring you to a doctor, but you can have a[n] evaluation that will cost $5.00." (*Id.*) During the evaluation, Plaintiff explained his ongoing burning and vision problems. Defendant Mason flushed Plaintiff's eyes. She told him that, if he wanted his eyes looked at, he must see the optometrist. Plaintiff paid for the evaluation, but he complains that Defendant Mason omitted his complaints of burning and pain in his eye.

On February 7, 2019, Plaintiff was evaluated by Optometrist Brian Allen. Dr. Allen diagnosed Plaintiff with myopic astigmatism and prescribed glasses. The glasses were ordered.

Plaintiff submitted another healthcare request on February 13, 2019, because his eye continued to burn and he had begun to experience headaches. Defendant Mason provided no treatment, advising Plaintiff that his glasses had been ordered and would arrive in six to eight weeks and that, if his headaches continued after he received his glasses, he should take Motrin or Tylenol. Plaintiff contends that Defendant Mason's callous response was taken in retaliation for his two prior grievances against Mason.

Thirty-eight days later, on March 25, 2019, Plaintiff continued to suffer with a burning eye. He submitted another healthcare kite, alleging that the problem had begun in January with the use of the pepper spray and that Defendant Mason had ignored his complaints, telling him to wait for his glasses. In response, Mason scheduled Plaintiff to be evaluated by a nurse. Plaintiff was seen by the nurse and then referred to the optometrist for an appointment on April 4, 2019. At the visit, the optometrist prescribed Tobramycin eye drops.

3

Plaintiff alleges that Defendant Mason maliciously deprived him of medical attention on January 19, 2019, in violation of the Eighth Amendment. Thereafter, Defendant Mason allegedly retaliated against Plaintiff by continuing to deny him appropriate medical care for his eye. Plaintiff also alleges that Defendant Mason falsified her medical documentation of her evaluations by failing to include necessary information and making a dishonest statement that Plaintiff had refused medical care on January 19.

Plaintiff alleges that Defendant Blanchard violated his rights by failing to conduct an adequate investigation before denying his grievance about the January 19, 2019, incident. He also alleges that Defendant Monroe violated his rights by inadequately investigating both of his grievances and failing to conduct an interview on those grievances. Similarly, he contends that Defendant Lamb violated his rights by making false statements in her Step-II grievance responses and inadequately investigating Plaintiff's grievances.

Plaintiff seeks substantial compensatory and punitive damages.

II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Blanchard, Monroe, and Lamb other than his claim that they failed to conduct an adequate investigation in response to his grievances and failed to make accurate findings in their grievance responses. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional

behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendants Blanchard, Monroe, and Lamb engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state at least one claim against Defendant Mason.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Blanchard, Monroe and Lamb will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's claims against Defendants Mason remain in the case.

An order consistent with this opinion will be entered.


Dated:   July 22, 2019             /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge